UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA H.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. C21-0314-SKV<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record ("AR"[1]), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1966, has a 7th-grade education, and her previous jobs include driver and cleaner. AR 329, 355. Plaintiff was last gainfully employed in March 2011. AR 329.

---

[1] Plaintiff's briefing apparently uses an alternate system of pagination, referring to the CM/ECF header pages numbers rather than the Bates numbers in citing the AR. *See* Dkt. 11, 16. This order follows the Western District's longstanding tradition of referring to Bates numbers and the Court instructs counsel to use this system in the future.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

In August 2018, Plaintiff applied for benefits, alleging disability as of March 1, 2011.[2] AR 300-06. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR 201-05, 212-18. After the ALJ conducted a hearing in June 2020 (AR 93-115), the ALJ issued a decision finding Plaintiff not disabled. AR 17-33.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[3] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two**: Plaintiff has the following severe impairments: lupus, depressive disorder, and posttraumatic stress disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[4]

**Residual Functional Capacity**: Plaintiff can perform light work with additional limitations: she can occasionally climb ramps, stairs, ladders, ropes, and scaffolds, and can occasionally balance, stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to hazards. She can understand, remember, and carry out simple 1-3-step instructions but should not be required to work in close coordination with co-workers where teamwork is required. She can deal with occasional changes in the work environment. She would have some difficulty working directly with the public, but could work in jobs that require only occasional exposure to/interaction with the general public.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 17-33.

---

[2] Plaintiff had applied for benefits on two previous occasions, and ALJ decisions finding her not disabled became administratively final. *See* AR 17. At the administrative hearing, Plaintiff amended her alleged onset date to her most recent application date, August 3, 2018. AR 97.
[3] 20 C.F.R. § 416.920.
[4] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

//

//

## DISCUSSION

Plaintiff argues the ALJ erred in assessing her allegations and the opinion of a treating psychologist. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Assessing the Opinion of Sierra Swing, Psy.D.

#### 1. *Legal Standards*

In assessing Plaintiff's 2018 application for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the U.S. Court of Appeals for the Ninth Circuit. *See* Dkt. 15 at 10-11. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th

Cir. 2020). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

### 2. Dr. Swing's Opinions

Dr. Swing provided multiple opinions between June 2017 and April 2020, identifying multiple disabling functional limitations. Some of Dr. Swing's opinions were addressed in the prior ALJ decision; some were more recent. *See* AR 1067-82, 2038-40. The ALJ in this case affirmed the reasoning in the prior decision, finding Dr. Swing's opinions to be inconsistent with Plaintiff's treatment record showing no more than moderate functional limitations, and unsupported by objective findings. AR 30. The ALJ also found Dr. Swing's opinions to be inconsistent with Plaintiff's presentation to other providers as well as her participation in group therapy for multiple years. AR 30.

Plaintiff contends that the ALJ failed to provide legally sufficient to discount Dr. Swing's April 2018 opinion. The Court agrees that the ALJ's reasoning with respect to this opinion contains error because the evidence cited by the ALJ only partially supports the proposition for which he cited it. Specifically, the ALJ found that Dr. Swing's opinion was inconsistent with the record, which suggested that that Plaintiff's mental impairments were at most moderate in severity and/or that Plaintiff had normal mental functioning, and cited some evidence consistent with that conclusion. *See* AR 30 (citing *inter alia* AR 407, 437, 459, 483, 504, 506, 518, 635, 895, 899, 1076-77, 1153-54, 1174, 1193-94, 1236, 1239, 1277, 1281-82, 1672, 1679, 1683, 1710, 1725, 1749-51, 1758, 1769, 1804, 1811, 1917, 1933). But some of the other evidence cited for that proposition does not support the ALJ's conclusion. *See* AR 30 (citing *inter alia* AR 542, 904, 908, 1164, 1264, 1625, 1628, 1818, 1834, 1857, 1863, 1885, 1905, 1952, 1981, 2004, 2023).

The ALJ also discounted Dr. Swing's opinions as unsupported because her treatment notes included "only sporadic objective findings[.]" AR 30.  Dr. Swing's April 2018 opinion itself references and contains objective findings, however, which pertain to deficits in thought process, perception, memory, and concentration.  *See* AR 1069-70.  To the extent that the ALJ found that Dr. Swing's "sporadic" objective findings were inconsistent with other evidence in the record, again the ALJ cited the same collection of evidence which partially supports his conclusion and partially undermines it.  *See* AR 30-31.

By citing evidence that both supports and undermines the ALJ's findings that Dr. Swing's 2018 opinion was unsupported and inconsistent with the record, without explanation, the ALJ's decision fails to provide legitimate reasons to discount the opinion.  On remand, the ALJ should reconsider Dr. Swing's opinion in light of the entire record and either credit it or provide legally sufficient reasons to discount it.

**B.       Plaintiff Has Not Shown Harmful Error in the ALJ's Assessment of Her Subjective Allegations**

The ALJ summarized Plaintiff's allegations and explained that he discounted them because (1) the objective medical evidence does not corroborate Plaintiff's allegations of declining physical and mental functioning since the prior unfavorable ALJ decision, (2) Plaintiff's mental health symptoms flared in the context of temporary situational stressors and/or noncompliance with medication, and (3) Plaintiff's activities are inconsistent with her alleged limitations.  AR 22-28.  In the absence of evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount Plaintiff's subjective allegations.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff fails to challenge all of the ALJ's reasons to discount her testimony.  *See* Dkt. 11 at 18-19.  Notably, Plaintiff presents no challenge to the ALJ's findings with regard to her

ORDER REVERSING THE COMMISSIONER'S
DECISION - 6

physical functioning. *Id*. Although, as explained *supra*, the Court finds error in the ALJ's characterization of and reference to the longitudinal mental health records, that error would be harmless in light of the unchallenged reasoning to the extent it is embedded in the ALJ's assessment of Plaintiff's testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). To the extent necessary on remand, however, the ALJ may reconsider Plaintiff's mental allegations in light of the updated record.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Dr. Swing's April 2018 opinion and any other part of the decision as necessary.

Dated this 17th day of September, 2021.

S. KATE VAUGHAN
United States Magistrate Judge